# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER LOCAL 669 UA EDUCATION FUND, TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND, TRUSTEES OF THE INTERNATIONAL TRAINING FUND AND ROAD SPRINKLER FITTERS LOCAL UNION 669, UA AFL-CIO WORK ASSESSMENTS, EXTENDED BENEFIT FUND AND INDUSTRY ADVANCEMENT FUND** <br> 8000 Corporate Drive <br> Landover, MD  20785, <br><br>        **Plaintiffs,** <br><br>      v. <br><br> **BIG RED FIRE PROTECTION LLC** <br> 2115 S 156TH CIRCLE <br> OMAHA, NE  68130 <br><br> Serve:    **Brian Marinus, Registered Agent** <br>       15718 Charles Street <br>       Omaha, NE  68118 <br><br>        **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO COMPEL AN AUDIT)

## JURISDICTION

1. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for

breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## PARTIES

2.     Plaintiffs National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, Trustees of the International Training Funds and Road Sprinkler Fitters Local Union 669, UA AFL-CIO Work Assessments, Extended Benefit Fund and Industry Advancement Fund (hereinafter "NASI Funds") are multiemployer employee benefit plans as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds ("hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Sprinkler Fitters Local Union No. 669 and the Defendant.  The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

3.     The Defendant Big Red Fire Protection LLC is a corporation existing under the laws of the State of Nebraska with offices located in Nebraska.  Defendant transacts business in the State of Nebraska as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## COUNT I

4.  Defendant entered into a Collective Bargaining Agreement with Road Sprinkler Fitters and Apprentices Local Union No. 669 establishing terms and conditions of employment for journeymen and apprentice sprinkler fitters employed by the Defendant.

5.  Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6.  Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of January 2018 through the present.

7.  Defendant is bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

8.  Defendant has failed to make contributions due to Plaintiff Funds for the months of September and October 2021. In addition, Defendant has failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

9.  Pursuant to the Trust Agreements, when an employer is two or more months delinquent in making the contributions required on behalf of his employees and has not submitted the required documents showing the employees who worked for him and hours worked, the Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted . . .

10. Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of September and October 2021 is $116,963.15 calculated as follows:

| Month | Welfare | Education | Pension | SIS | ITF | Work Asst's | Extended Benefits | Industry Advance |
|---|---|---|---|---|---|---|---|---|
| Jun-21 | $24,806.56 | $1,082.34 | $15,463.00 | $8,158.61 | $244.90 | $3,692.98 | $612.26 | $1,095.25 |
| Jul-21 | $29,528.30 | $1,263.57 | $18,907.00 | $10,406.75 | $300.85 | $2,756.63 | $720.15 | $1,293.75 |
| Aug-21 | $23,903.83 | $1,028.79 | $15,676.50 | $8,608.10 | $244.95 | $3,857.02 | $580.38 | $1,212.25 |
| Avg. Monthly Contribs: | $26,079.56 | $1,124.90 | $16,682.17 | $9,057.82 | $263.57 | $3,435.54 | $637.60 | $1,200.40 |

11. Defendant's contributions on behalf of its sprinkler fitter employees for the months of September 2019, October 2019, December 2019, April 2020, July 2021 and August 2021 were paid late. The specific amounts paid and the date in which the Defendant's contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A). Defendant's contributions for the months of September and October 2021 are late.

12. The Trust Agreements and the Guidelines provide that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.
>
> (2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.
>
> (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

13. Pursuant to this provision, Defendant is obligated to Plaintiff Funds in the amount of $59,617.41 in liquidated damages assessed on the late contributions for the months of September 2019, October 2019, December 2019, April 2020 and July 2021 through October 2021, plus interest at the rate provided in 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment against Defendant as follows:

A. In the amount of $116,963.15 for contributions due for work performed in September and October 2021, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

B. In the amount of $59,617.41 for liquidated damages assessed on the late payments for the months of September 2019, October 2019, December 2019, April 2020 and July 2021 through October 2021, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

C. For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

D. For such further relief as the Court may deem appropriate.

## COUNT II

14. Plaintiffs hereby adopt, incorporate, and restate in Count II paragraphs 4 through 13 of Count I.

15. Pursuant to the Collective Bargaining Agreement, the Trust Agreements and the Guidelines, the Trustees of the NASI Funds have the authority to conduct an audit of the payroll

and wage records of the Defendant for the purposes of determining the accuracy of contributions to the Funds.

16.     The NASI Funds' have scheduled an audit of Big Red Fire Protection's wage and payroll records to determine the amounts due to the NASI Funds for the period of May 1, 2020 through the date of the audit.

17.     Pursuant to the above-mentioned Collective Bargaining Agreement, Trust Agreements and the Guidelines, Defendant is required to submit to the NASI Funds the records requested by the NASI Funds' auditor.

18.     The Trust Agreements provide that an Employer that fails to pay contributions in a timely fashion shall be liable for liquidated damages, interest on the amounts owing and for all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs.

**WHEREFORE**, in Count II, Plaintiff Funds pray judgment against the Defendant as follows:

A.     That this Court enforce the terms of the Plan and order Defendant to permit a complete audit of its wage and payroll records, as provided for in the Plan documents for the period of May 1, 2020 through the date of Judgment.

B.     That Plaintiffs have Judgment against Defendant for the amount determined as owing by the audit requested in paragraph A, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

  C. That Plaintiffs have Judgment against Defendants for all expenses, including accountant's fees, related to the audit and the attempted audit of its payroll and wage records, pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

  D. For such further relief as the Court may deem appropriate.

          Respectfully submitted,

          **O'DONOGHUE & O'DONOGHUE LLP**
          5301 Wisconsin Avenue, N.W.
          Suite 800
          Washington, D.C.  20015
          (202) 362-0041 – telephone
          (202) 362-2640 – facsimile
          cgilligan@odonoghuelaw.com


          By:_____/s/_____
           Charles W. Gilligan
           Maryland Bar No. 05682
           Attorneys for Plaintiffs

833883_1

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 2nd day of December 2021 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC: TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
> Attention:  Employee Plans
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTENTION:  Assistant Solicitor for
> Plan Benefits Security

                                        /s/
                                  Charles W. Gilligan

833883_1